IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN HAWK,

    Petitioner,                         No. 2:06-cv-00290 ALA HC

    vs.

MATTHEW C. KRAMER, Warden, et al.,

    Respondents.[1]                 <u>ORDER</u>

_____/

      Shawn Hawk, a state prisoner, filed an application for habeas corpus relief pursuant to § 2254(a) on February 10, 2006.  Petitioner is an inmate currently incarcerated at Folsom State Prison, serving an indeterminate state prison sentence of twenty-five years to life.  Petitioner seeks reversal of the March 31, 2003 disciplinary conviction for possession of a dangerous weapon on the ground that he is actually innocent of the violation.

      Respondent, Matthew C. Kramer, the Warden of Folsom State Prison, filed a motion to dismiss Petitioner's application on January 25, 2008.  Respondent maintains that the petition should be dismissed without consideration of the merits because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  In his response in opposition to the

---

[1] Matthew C. Kramer is substituted for his predecessor, Tom Carey, as the warden where the prisoner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

motion to dismiss, Petitioner maintains that his petition was timely because (1) the statute of limitations did not begin to run until April 2004 and, (2) the one-year statute of limitations was statutorily tolled by properly filed state post-conviction petitions. The motion to dismiss will be granted because Petitioner failed to demonstrate that he filed his petition within the one-year statute of limitations.

# I

On February 22, 2003, while incarcerated at High Desert State Prison, a weapon was found in Mr. Hawk's cell among his personal belongings. Mr. Hawk was issued a CDC 115, Rule Violation Report charging him with possession of a dangerous weapon. On March 31, 2003, Petitioner was found guilty of possession of a dangerous weapon at a disciplinary hearing, placed in the Security Housing Unit and sanctioned 360 days loss of earned credit. Mr. Hawk filed an appeal for Second Level of Review. On July 23, 2003, Chief Deputy Warden T. Felker denied Mr. Hawk's appeal on the ground that the preponderance of the evidence supported the finding of guilt.

Any request for a Director's Level Review must be made within 15 working days of the issuance of the Second Level Review decision. CCR 3084.6(c). Mr. Hawk filed a request for a Director's Level Review on August 28, 2003. He contends that he did not receive the denial of his appeal until August 13, 2003 and that his request was therefore timely. However, that contention is unsupported by the record. The CDC 602 Inmate Appeal Form, Section G, indicates that the denial was returned to Mr. Hawk on July 24, 2003. (Doc. No. 1, Exh. A).

On September 23, 2003, the Chief of the Inmate Appeals Branch issued a Director's Level Appeal decision rejecting Mr. Hawk's appeal as untimely in accordance with CCR 3084.6(c). *Id*. The letter rejecting Mr. Hawk's appeal referred him to his "assigned counselor, the Appeals Coordinator, or [his] Parole Agent" who could answer any questions regarding the appeals process. *Id*. Mr. Hawk spent the next several months writing letters to the Chief of Inmate Appeals, (on September 29, 2003, October 15, 2003, December 10, 2003, and April 15,

2004) seeking reconsideration of the Director's Level dismissal of his appeal. (Doc. No. 1, Exh. B). Mr. Hawk did not file his petition for a writ of habeas corpus in the state court until August 4, 2004, nearly ten months after his administrative appeal was rejected as time-barred.

## II

### A

Petitioner filed a petition for a writ of habeas corpus in the Solano County Superior Court on August 4, 2004.[2] The petition was transferred to Lassen County Superior Court and was denied by that court, on May 18, 2005, on the ground that there was evidence supporting the disciplinary determination.

### B

On June 7, 2005, Petitioner filed a new petition for habeas corpus relief in the California Court of Appeal, Third Appellate District. The petition was denied without comment on June 16, 2005.

### C

On July19, 2005, Petitioner filed another petition for habeas corpus relief in the California Supreme Court. The California Supreme Court denied the petition on August 10, 2005.

## III

### A

Petitioner filed the pending application for habeas corpus relief pursuant to § 2254(a) on February 10, 2006. The Court dismissed the petition with leave to amend. (Doc. No. 1 and 7).

---

[2] The Solano County Superior Court found that the Petitioner's original petition for state habeas corpus relief, filed August 4, 2004, was timely. The state court deemed Petitioner to have exhausted remedies because, even though he had failed to comply with the third level administrative review time limit, it was "through no fault of his own." (Def. Mtn. to Dismiss, Exh. E). Because the incident and disciplinary hearing took place at High Desert State Prison, the Solano County Superior Court transferred the petition to the Superior Court of Lassen County.

On July 9, 2007, Mr. Hawk filed an amended Petition. (Doc. No. 13). Respondent filed a motion to dismiss on January 25, 2008. Respondent alleges that the application was filed beyond the one-year statute of limitations set forth in § 2244(d). According to Respondent, the statutory tolling period commenced on September 24, 2003, the day after Petitioner's administrative appeal was denied, because that is when Petitioner became aware of the factual predicate of his claim. Petitioner filed an opposition to the motion to dismiss asserting that his application for habeas corpus relief filed in the district court was timely in light of the tolling provisions set forth in § 2244(d). Mr. Hawk contends that the statute of limitations did not begin to run until sometime in April 2004, when he ceased writing letters to the Chief of the Inmate Appeals Branch asking for reconsideration of the denial of this administrative appeal, issued on September 23, 2003.

**B**

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d). AEDPA applies to applications for a writ of habeas corpus relief filed after the effective date of that statute. 28 U.S.C. § 2254(a). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). (en banc). Because Petitioner's application for federal habeas corpus relief was filed after that date, the time limitations set forth in AEDPA apply in this matter.

**C**

The limitation provisions of AEDPA that apply here read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of – the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D) applies to habeas petitions challenging decisions rendered by

4

administrative bodies such as disciplinary boards.  *Redd v. McGrath*, 343 F.3d 1077, 1081-83 (9th Cir. Cal. 2003). The factual basis, or "factual predicate," of Mr. Hawk's petition for habeas corpus relief was the Inmate Appeals Branch denial of his administrative appeal on September 23, 2003.  *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. Or. 2004); *Redd*, 343 F.3d at 1082. Mr. Hawk does not dispute that he received notice of the denial of his appeal on September 23, 2003.  Therefore, the limitations period began to run the following day.  *Id*.

### D

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:  "The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because the statute of limitations began to run on September 24, 2003, over ten months had lapsed by the time Petitioner filed his first petition in the Solano County Superior Court on August 4, 2004.  Mr. Hawk is entitled to statutory tolling for the period during which his state court petitions were pending.  The California Supreme Court denied Mr. Hawk's last state petition on August 10, 2005.  Thus, the statute of limitations began to run again on August 11, 2005. Mr. Hawk's petition for habeas corpus relief pursuant to § 2254(a), filed on  February 10, 2006, exceeded the one-year statute of limitations by some four months and is time-barred under § 2244(d).

### Conclusion

Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application for a writ of habeas corpus must be DISMISSED because it was untimely filed.  The clerk is directed to enter judgment and close the case.

/////

/////

5

1  DATED: August 4, 2008
2  /////

                    /s/ Arthur L. Alarcón
                    UNITED STATES CIRCUIT JUDGE
                    Sitting by Designation